O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE LUIS MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. L-99-110 |
| | § | |
| CITY OF LAREDO, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM

This case is set for jury trial December 5, 2005. After a pre-trial conference on November 8, 2005, the Court has re-examined Plaintiff's hostile work environment claim and now offers the following observations for consideration by the parties in preparing for trial.

Plaintiff, who was born in Mexico, alleges that his co-workers addressed him by the offensive term "Mojado" or similar terms disparaging Plaintiff's national origin. The co-workers were almost all of Mexican or other Hispanic ancestry, though presumably born in the United States. Plaintiff apparently argues that his colleagues, by using such derogatory terms, created a hostile work environment based on national origin.

Assuming Plaintiff has met any obligations to exhaust his administrative remedies with the EEOC, he faces a significant

burden to prove a hostile work environment claim. Though the Supreme Court has not required that plaintiffs show a "tangible psychological injury," conduct that is "merely offensive" is not actionable. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993). Merely uttering a vulgar name does not sufficiently affect employment conditions to implicate Title VII, even if an employee is offended. Id. (internal quotations and citations omitted). Nor is sporadic conduct that wounds or offends but does not hinder an employee's performance covered by Title VII. Hamilton v. Texas Dep't of Criminal Justice, No. 1:00-CV-237-C, 2001 U.S. Dist. LEXIS 15056, at *7-8 (N.D. Tex. 2001), citing Weller v. Citation Oil & Gas Corp., 84 F.3d 191, 194 (5th Cir. 1996).

Rather, Plaintiff's burden includes proving that any harassment affected a term, condition, or privilege of his employment, and that his employer knew or should have known of the harassment and failed to take prompt remedial action. See, e.g., Kojin v. Barton Protective Services, 339 F.Supp.2d 923, 929 (5th Cir. 2004). Harassment motivated by national or ethnic origin does not affect a term, condition or privilege of employment unless it is so severe or pervasive that it altered Plaintiff's employment conditions and created an abusive working environment. The factors the Court should consider in determining whether a workplace was hostile include: (1) the frequency of the discriminatory conduct;

2

(2) its severity; (3) whether it was physically threatening or humiliating as opposed to a mere offensive utterance; (4) whether it unreasonably interfered with the employee's work performance; and (5) whether it undermined the employee's workplace competence. See, e.g., id. at 929-30, citing Ramsey v. Henderson, 286 F.3d. 264, 268 (5th Cir. 2002) (internal citations and quotations in Ramsey omitted).

Two Fifth Circuit cases more fully illustrate the evidentiary burden the Plaintiff will have to bear in this case. In Vaughn v. Pool Offshore Co., co-workers and a supervisor called an African-American employee a "nigger," "coon," and "black boy." 683 F.2d 922, 923-24 (5th Cir. 1982). Yet the court found that they acted "without apparent hostility or racial animus." Id. Co-workers also expressed amicable feelings towards Vaughn, and Vaughn himself used racial slurs. Id. at 923-24. The court did not find sufficient evidence that the atmosphere was "polluted with discrimination" rather than merely "replete with instances of humiliating acts shared by all." Id. at 924.

Similarly, in the sexual harassment context, the Fifth Circuit examined humiliating conduct that occurred for almost two years without finding a hostile environment. Shephard v. Comptroller of Public Accounts, 168 F.3d 871 (5th Cir. 1999). Shephard involved remarks about the plaintiff's nipples and thighs, attempts

3

to look under her dress and down her clothing, and inappropriate touching and rubbing. The Fifth Circuit found this "boorish and offensive," but not severe. Id. at 874. It observed that none of the conduct physically threatened the plaintiff or undermined her workplace competence.

DONE at Laredo, Texas, this 17th day of November, 2005.

_____
George P. Kazen
United States District Judge

```
**  Transmit Conf. Report  **
```

P.1                                                                 Nov 17 2005  17:16

| Fax/Phone Number | Mode   | Start    | Time  | Page | Result | Note |
|------------------|--------|----------|-------|------|--------|------|
| 97275884         | NORMAL | 17,17:16 | 0'37" | 5    | # O K  |      |

# Chambers of George P. Kazen

# United States District Judge



### FAX TRANSMITTAL COVER SHEET

TO: Jose Luis Martinez; George R. Hyde
cc: Murray Malakoff, c/o Donato Ramos

DATE: 11/17/2005

Number of pages (including cover sheet): 5

Please find attached a memorandum from Judge Kazen for Civil Action No. L-99-110. As you know, a pre-trial conference is set for Monday, November 21 at 1:30, and jury selection is set for December 5 at 9:00.

Thank you,
Carmen Ramirez, (956) 790-1353

\*\* Transmit Conf.Report \*\*

P.1                                                   Nov 17 2005  17:15

| Fax/Phone Number | Mode   | Start    | Time  | Page | Result | Note |
|------------------|--------|----------|-------|------|--------|------|
| 912102254481     | NORMAL | 17,17:15 | 0'39" | 5    | # O K  |      |

# Chambers of George P. Kazen

# United States District Judge



FAX TRANSMITTAL COVER SHEET

TO:  Jose Luis Martinez; George E. Hyde
cc:  Murray Malakoff, c/o Donato Ramos

DATE: 11/17/2005

**Number of pages (including cover sheet): 5**

Please find attached a memorandum from Judge Kazen for Civil Action No. L-99-110. As you know, a pre-trial conference is set for Monday, November 21 at 1:30, and jury selection is set for December 5 at 9:00.

Thank you,
Carmen Ramirez, (956) 790-1353

```
** Transmit Conf. Report **
```

P.1                                                          Nov 17 2005  17:13

| Fax/Phone Number | Mode   | Start    | Time  | Page | Result | Note |
|------------------|--------|----------|-------|------|--------|------|
| 97952411         | NORMAL | 17,17:13 | 1'31" | 5    | * O K  |      |

# Chambers of George P. Kazen

# United States District Judge



### FAX TRANSMITTAL COVER SHEET

TO: Jose Luis Martinez; George E. Hyde
cc: Murray Malakoff, c/o Donato Ramos

DATE: 11/17/2005

Number of pages (Including cover sheet): 5

Please find attached a memorandum from Judge Kazen for Civil Action No L-99-110. As you know, a pre-trial conference is set for Monday, November 21 at 1:30, and jury selection is set for December 5 at 9:00.

Thank you,
Carmen Ramirez, (956) 790-1353